IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE C. BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>STANDARD INSURANCE COMPANY, a<br>Stock Life Insurance Company; USAA<br>FEDERAL CREDIT UNION LONG TERM<br>DISABILITY INSURANCE PLAN,<br><br>        Defendants. | 2:05-cv-2256-GEB-GGH<br><br>STATUS (PRETRIAL<br>SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled in this case for February 21, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

1

DISCOVERY

In the JSR the parties concede this is an ERISA action, but dispute whether discovery outside of the Administrative Record should be conducted. Plaintiff indicates she is entitled to supplemental discovery beyond what constitutes the Administrative Record because she is alleging a "'conflict of interest' and bias in administrating the ERISA plan at issue[,]" (JSR 3), and needs access to information tending to illustrate a conflict of interest or bias. Defendants contend the discretionary standard of review applies, and therefore Plaintiff is not allowed such discovery. (Id.)

In their JSR, the parties agree to the following schedule for initial disclosures: Defendants shall make their initial disclosures, including the complete Administrative Record, by March 7, 2006, and Plaintiff shall make her disclosures within 20 days after Defendants' disclosures. If, after reviewing the Administrative Record, Plaintiff opines she is entitled to additional discovery, Plaintiff shall file a motion in which leave is sought to conduct specified discovery, which shall be noticed for hearing no later than May 22, 2006.[1]

MOTION HEARING SCHEDULE

The last hearing date for motions shall be January 22, 2007, at 9:00 a.m.[2]

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances,
(continued...)

2

1  Motions shall be filed in accordance with Local Rule 78-
2 230(b).  Opposition papers shall be filed in accordance with Local
3 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
4 consent to the motion and the Court may dispose of the motion
5 summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
6 Further, failure to timely oppose a summary judgment motion may result
7 in the granting of that motion if the movant shifts the burden to the
8 nonmovant to demonstrate a genuine issue of material fact remains for
9 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).
10  Absent highly unusual circumstances, reconsideration of a
11 motion is appropriate only where:
12  (1)  The Court is presented with newly discovered evidence
13 that could not reasonably have been discovered prior to the filing of
14 the party's motion or opposition papers;
15  (2)  The Court committed clear error or the initial decision
16 was manifestly unjust; or
17  (3)  There is an intervening change in controlling law.
18 A motion for reconsideration based on newly discovered evidence shall
19 set forth, in detail, the reason why said evidence could not
20 reasonably have been discovered prior to the filing of the party's
21 motion or opposition papers.  Motions for reconsideration shall comply
22 with Local Rule 78-230(k) in all other respects.
23  The parties are cautioned that an untimely motion
24 characterized as a motion in limine may be summarily denied.  A motion
25 in limine addresses the admissibility of evidence.
26
27
28 ²(...continued)
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for March 26, 2007, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues for trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
2  pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
3  <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
4  issue omitted from the pretrial order is waived, even if it appeared
5  in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
6  (D.D.C. 1995) (refusing to modify the pretrial order to allow
7  assertion of a previously-pled statute of limitations defense);
8  <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
9  (indicating that "[a]ny factual contention, legal contention, any
10 claim for relief or defense in whole or in part, or affirmative matter
11 not set forth in [the pretrial statement] shall be deemed . . .
12 withdrawn, notwithstanding the contentions of any pleadings or other
13 papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

## TRIAL SETTING

Trial is set for June 26, 2007, commencing at 9:00 a.m.

## MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  February 14, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

5